UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SAUL CHAVEZ, | § | |
| TDCJ No. 02251482, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. SA-21-CA-0568-JKP |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The matter before the Court is Petitioner Saul Chavez's petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (ECF No. 1).[1] Therein, Petitioner challenges his state-court conviction and eleven-year sentence for indecency with a child by contact. *Id*. at 2. Also before the Court are Respondent Bobby Lumpkin's answer, Petitioner's reply, and Petitioner's supplemental reply. (ECF Nos. 8, 10, and 13). The petition is denied for the following reasons.

## I. Background

On March 3, 2016, a Seguin Police Department Detective was dispatched to a local residence to address disciplinary issues with Petitioner's 15-year-old half-sister. (ECF No. 9-12 at 153:3–153:16; ECF No. 9-11 at 210:5). As the detective spoke to the girl, she "made an outcry of sexual assault . . . she just said that [she] was raped." (ECF No. 9-12 at 153:19–20; 155:5–6).

On March 17, 2016, the victim was questioned by a forensic interviewer at the Guadalupe County Children's Advocacy Center. (ECF No. 9-12 at 7:11–7:13; 16:13–16:14). During the

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

interview, the victim gave specific sensory details and a reasonably clear timeline regarding her allegations of sexual abuse. (ECF No. 9-12 at 17:22–18:5).

On March 21, 2016, the victim participated in a physical examination by a sexual assault nurse examiner (SANE) employed by the Guadalupe Regional Medical Center. (ECF No. 9-11 at 191:9–192:10, 203:24-204:25, and 206:4-207:20). While giving her medical history, the victim claimed Petitioner "raped" her "a lot," including on January 15, 2016, at an apartment in Seguin. (ECF No. 9-11 at 209:20-211:17).

On March 30, 2016, an investigator interviewed Petitioner at the Guadalupe County Jail. (ECF No. 9-12 at 170:14-171:10). He advised Petitioner of his constitutional and statutory rights regarding in-custody interviews, including his right to terminate the interview at any time. (ECF No. 9-12 at 172:12-173:12). He obtained Petitioner's written waiver of his rights. (ECF No. 9-12 at 173:16-174:25; ECF No. 9-17 at 1). He also obtained Petitioner's admission, "I think I touched her . . . I touched her vagina," while she was in her bed with her clothes on. (ECF No. 9-4 at 10-11 (referring to State's Ex. 13 (a video recording of Petitioner's interview) at 1:19:08-1:22:00)).

Petitioner was charged by indictment with six counts of sexual assault of a child and one count of indecency with a child. (ECF No. 9-6 at 7-8; ECF No. 9-24 at 40-42). He testified at trial that he did not commit any act of sexual abuse against his half-sister, and that she had a reputation for untruthfulness. (ECF No. 9-13 at 174:10-174:15, 179:12-179:14). He was found guilty of the lesser-included offense of indecency with a child by sexual contact, and he was acquitted on all remaining charges. (ECF No. 9-8 at 4-7; ECF No. 9-25 at 81-84). He was

2

sentenced on February 15, 2019, to eleven years' confinement.[2] (ECF No. 9-8 at 4; ECF No. 9-25 at 81).

On direct appeal, Petitioner's appellate counsel filed an *Anders* brief,[3] stating that there were no non-frivolous issues for appeal. (ECF No. 9-4 at 1-26; ECF No. 9-25 at 99-120). On March 18, 2020, Petitioner's conviction was affirmed by the Fourth Court of Appeals. (ECF No. 9-2 at 1-2; ECF No. 9-3; ECF No. 9-25 at 127-128). He did not file a petition for discretionary review. (ECF No. 8-1 at 2).

On November 3, 2020, Petitioner submitted a state habeas corpus application challenging his conviction. (ECF No. 9-24 at 13-36). He claimed his counsel provided constitutionally ineffective assistance. (ECF No. 9-24 at 18-19). He also maintained his counsel had an actual conflict of interest. (ECF No. 9-24 at 20). On January 27, 2021, his application was denied by the Texas Court of Criminal Appeals without a written order. (ECF No. 9-20).

On June 1, 2021, Petitioner signed and presumably mailed a federal habeas petition claiming; (1) his counsel provided constitutionally ineffective assistance, (2) his counsel had an actual conflict of interest, (3) the evidence was legally insufficient to support his conviction, and (4) he was actually innocent. (ECF 1 at 6, 8, 10); *see Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (explaining a federal petition is filed on the date it is placed in the prison mail system). He asked the Court to vacate his conviction and direct his release from prison. (ECF No. 1 at 7).

---

[2]    Petitioner's projected release date is November 11, 2028. *See* Tex. Dep't of Crim. J., Inmate Information Search, https://inmate.tdcj.texas.gov/InmateSearch /search.action (search for TDCJ No. 2251482, last visited Feb. 10, 2023).

[3]    *See Anders v. California*, 386 U.S. 738, 744 (1967).

## II. <u>Standard of Review</u>

The writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). It "is designed to guard against extreme malfunctions in the state criminal justice system." *Id*. (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It is granted by a federal court pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973). It is not granted to correct errors of state constitutional, statutory, or procedural law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Consequently, "federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). They may grant § 2254 relief only when a petitioner successfully raises a federal issue. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). And they must find (1) the state court adjudicated the federal issue contrary to clearly established federal law as determined by the Supreme Court, or (2) the state court's decision was based on an unreasonable determination of the facts considering the record. *Harrington v. Richter*, 562 U.S. 86, 100-01 (2011). They must defer to state court decisions on the merits. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). They must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e); *see Ford v. Davis*, 910 F.3d 232, 234 (5th Cir. 2018) ("a state court's factual findings are presumed to be correct, and the applicant bears the burden of rebutting that presumption by clear and convincing evidence.").

Finally, they must accept state court decisions on procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

### III.  Analysis

#### A.  Ineffective Assistance of Counsel

Petitioner first asserts his counsel provided constitutionally ineffective assistance when he failed to (1) file a pretrial motion to suppress Petitioner's "illegally-obtained" confession, (2) investigate the "false testimony" of the victim, (3) object to the "false testimony" of the victim, (4) file a motion in limine when the prosecution "altered/edited" his video statement, (5) ask for a continuance to "re-evaluate" the defense strategy, (6) file a motion to suppress his video statement, (7) hire an expert to verify the "true nature" of his video statement, and (8) file a motion to dismiss "due to alleged victim committing perjury." (ECF No. 13 at 1-2).  He also contends his counsel was distracted and had a "conflict of interest" because his daughter was hospitalized during his trial. (ECF No. 1 at 6).

A petitioner's ineffective-assistance-of-counsel claim is analyzed under the two-pronged test in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, a petitioner must demonstrate (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 689-94. To establish deficient performance, he must present evidence that his counsel's assistance fell " 'below an objective standard of reasonableness.' " *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688). To establish prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. If a petitioner fails to prove

one prong, the reviewing court need not analyze the other. *See Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

In addition to applying the *Strickland* two-prong test, a federal habeas court must review a state petitioner's ineffective assistance of counsel claim "through the deferential lens of [28 U.S.C.] § 2254(d)." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). It must consider not only whether the state court's decision was incorrect, but also "whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)); *see also Harrington*, 562 U.S. at 101 ("The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.").

A state court's "decision" in a habeas proceeding is the "last reasoned opinion." *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 526 U.S. at 98. Moreover, a state court's factual findings are "presumed to be correct" unless the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Reed v. Stephens*, 739 F.3d 753, 773 n.8 (5th Cir. 2014) (declining petitioner's suggestion that the Court not apply section 2254(e)(1)'s presumption of correctness to the Court of Criminal Appeals' review of his actual innocence claim under *Schlup v. Delo*, 53 U.S. 298 (1995)); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) (explaining the

presumption of correctness also applies to "those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.").

Additionally, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (citing *Woodard v. Beto*, 447 F.2d 103 (5th Cir. 1971).

Petitioner concedes he "made a mistake and gave . . . a false confession." (ECF No. 13 at 5). He suggests he made the confession only after he was denied "physical necessities such as food or sleep" and he was "likely . . . unable to resist much police interrogation" due to his drug addiction. (ECF No. 13 at 5). He explains it "was the video interrogation which . . . produced an image of guilt and brought about [his] conviction." (ECF No. 13 at 7). He argues his attorney "knowingly and intentionally, with reckless disregard for the truth, allowed the introduction of the tainted video." (ECF No. 13 at 9). He admits his counsel "hired an expert" to examine the confession video, but "the judge did not approve the money" to pay for his services. (ECF No. 13 at 13). He observes his counsel "did subpoena some of [his] witnesses, [but] did not even go through all of them." (ECF No. 13 at 20). He concludes his counsel "was ineffective for failing to file a proper motion to dismiss after it was clear, as shown in the record, that [the victim] committed perjury through her false accusations." (ECF No. 13 at 19). He adds his counsel "rushed" his trial because of his desire "to be with his daughter at the hospital." (ECF No. 13 at 11). He explains "[t]his is to be considered a conflict of interest that made [his counsel] even

more prone to making mistakes [while] trying to meet the needs of his daughter." (ECF No. 13 at 11).

Notably, Petitioner fails to identify any facts in the record—or any new evidence—which would support his claims. Undeniably, Petitioner's admission—"I think I touched . . . her vagina"—made it reasonable for the jury to find him guilty of indecency with a child by sexual contact. (ECF No. 9-4 at 10-11) (referring to State's Ex. 13—a video recording of Petitioner's interview—at 1:19:08-1:22:00). Moreover, Petitioner was acquitted on all remaining charges. (ECF No. 9-8 at 4-7; ECF No. 9-25 at 81-84).

Furthermore, "[m]ere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (citing *United States v. Jones*, 614 F.2d 80 (5th Cir. 1980)). "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross*, 694 F.2d at 1011.

Consequently, Petitioner cannot overcome the strong presumption that his counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy. *See Strickland*, 466 U.S. at 689; *Wilkerson v. Collins*, 950 F.2d 1054, 1064 (5th Cir. 1992). He also fails to meet his burden to affirmatively prove his counsels' actions prejudiced his trial or his appeal—and that but for his counsel's errors, the result of the proceedings would be different. *Strickland*, 466 U.S. at 693–94. Accordingly, his "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)

Furthermore, the Court accepts the state appellate court's findings and conclusions as the last reasoned opinion of the state courts. *See Kernan v. Hinojosa*, 578 U.S. 412, 416 (2016) (Sotomayor, J., dissenting) ("When faced with a state-court order that denies a habeas petition without explanation, this Court has long presumed that the order agrees with the 'last reasoned state-court opinion' in the case unless there is 'strong evidence' to the contrary.") (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 804-805 (1991)). It finds that Petitioner provides no clear and convincing evidence to rebut the Court of Criminal Appeals' conclusion that his counsel provided anything other than constitutionally *effective* assistance. Consequently, it further finds that—given the lack of both legal authority and factual support for Petitioner's suggested federal constitutional deprivations—he cannot make a substantial showing of the denial of a federal right. *Harrington*, 562 U.S. at 100–01.

Therefore, the Court finds Petitioner is not entitled to federal habeas relief on his ineffective-assistance-of-counsel claims.

## B. <u>Sufficiency of the Evidence</u>

Petitioner claims, for the first time in his federal habeas petition, that the "evidence was legally and factually insufficient" to support his conviction. (ECF No. 6).

As a prerequisite for obtaining § 2254 relief, a prisoner must first exhaust all remedies available in the state system. 28 U.S.C. §§ 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). This exhaustion requirement reflects a policy of federal-state comity "designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)). It also prevents "unnecessary conflict between courts

equally bound to guard and protect rights secured by the Constitution." *Ex parte Royall*, 117 U.S. 241, 251 (1886).

A petitioner satisfies the exhaustion requirement when he presents the substance of his habeas claims to the state's highest court in a procedurally proper manner before filing his petition in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). In other words, a petitioner must present the same facts and legal theories upon which he bases his assertions to the state's highest court before he submits his federal petition. *Picard*, 404 U.S. at 275-77. "[I]t is not enough . . . that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Where a "petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Id.* at 259 (citing *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)).

In Texas, the Court of Criminal Appeals is the highest court for criminal matters. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Consequently, a Texas prisoner may only satisfy the exhaustion requirement by presenting both the factual and legal substance of his claim to the Court of Criminal Appeals in either a petition for discretionary review, pursuant to Texas Rule of Appellate Procedure 69.1, or a state habeas corpus proceeding, pursuant to Texas Code of Criminal Procedure article 11.07.

Petitioner has not exhausted his insufficiency-of-the-evidence claim in the state courts because he did not raise it in a petition for discretionary review or in a state writ application. *Compare* Petitioner's appellate brief in the Fourth Court of Appeals (ECF No. 9-4 at 1-26; ECF No. 9-25 at 99-120), failure to seek a petition for discretionary review from the Court of

Criminal Appeals (ECF No. 8-1 at 2), state writ application (ECF No. 9-24 at 13-36), and federal habeas petition (ECF No. 1). Indeed, he bypassed the Court of Criminal Appeals to make his original argument directly to this Court.

Furthermore, if Petitioner presented his unexhausted insufficiency-of-the-evidence claim to the Court of Criminal Appeals now in a second state habeas application, his application would be procedurally barred under the abuse-of-the-writ doctrine codified in the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 4(1)-(2) ("[A] court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that . . . the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or . . . but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt."); *see also Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (noting the Court of Criminal Appeals will apply its abuse-of-the-writ rule regularly and strictly to an application for a subsequent writ raising an issue which existed at the time of the original writ) (citing *Ex Parte Barber*, 879 S.W.2d 889, 892 n.1 (Tex. Cr. App. 1994)).

Petitioner could overcome this procedural bar only by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Given that Petitioner "has cited no cause for his failure to raise his . . . claim in his initial state habeas petition, the Texas abuse-of-writ doctrine would constitute an independent and adequate bar to a successive habeas petition." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997).

The Court finds Petitioner has failed to argue—much less establish—cause and prejudice for his default, and he has not shown that he is actually innocent of the crime for which he was convicted.  Further, Petitioner has not shown a failure to consider his claim would result in a fundamental miscarriage of justice. The Court therefore finds Petitioner's insufficiency-of-the-evidence claim is unexhausted, procedurally defaulted, and barred from consideration.

## C.   <u>Actual Innocence</u>

Petitioner asserts he is "actually innocent." (ECF No. 1 at 6). He maintains "it was . . . obvious that [the victim] was lying." (ECF No. 13 at 16). As a result, he argues it was also "pretty obvious that [he is] actually innocent, and everyone . . . turned a blind eye to these facts."

Actual innocence means factual innocence, and "not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To prove actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley*, 523 U.S. at 623).   Additionally, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Id*.

Petitioner's "trial jury had ample opportunity to consider whether [the] evidence was convincing of [his] actual innocence and obviously determined that it was not." *Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998). Petitioner fails to provide any evidence that an

12

independent constitutional violation occurred during his state criminal proceedings. He does not provide any new evidence to support his actual innocence claim. Instead, he relies on his own conclusory assertions of his actual innocence.

"In addition, even if a truly persuasive claim of actual innocence could be a basis for relief, the Supreme Court made clear that federal habeas relief would only be available if there was no state procedure for making such a claim." *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir.), *on reh'g in part*, 351 F.3d 156 (5th Cir. 2003) (*citing Herrera v. Collins*, 506 U.S. 390, 417 (1993)). In Texas, "claims of actual innocence are cognizable . . . in a postconviction habeas corpus proceeding whether the punishment assessed is death or confinement." *Ex parte Elizondo*, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996).  Consequently, Petitioner is not entitled to federal habeas relief on his actual innocence claim.

## IV.  <u>Certificate of Appealability</u>

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). A petitioner may not obtain a certificate of appealability unless he "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). When a petitioner's constitutional claims are rejected on the merits, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petitioner's claims are rejected on solely on procedural grounds, he must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Reasonable jurists could not debate the Court's reasoning for denying Petitioner's claims on substantive or procedural grounds—or find that his issues deserve encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). The Court will not issue a certificate of appealability.

## V.  Conclusion

The Court concludes that Petitioner has failed to meet his burden of showing that the state court adjudicated an issue contrary to clearly established federal law as determined by the Supreme Court, or that the state court's decision was based on an unreasonable determination of the facts considering the record. *Harrington*, 562 U.S. 86, 100-01. The Court further concludes that Petitioner has not shown he is in custody in violation of the Constitution or laws or treaties of the United States, his claims are without merit, and he is not entitled to federal habeas relief. The Court additionally concludes that Petitioner is not entitled to a certificate of appealability.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and Petitioner Saul Chavez's Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2.      No Certificate of Appealability shall issue in this case; and

3.      All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this the 21st day of February, 2023.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

14